{¶ 88} I fully concur with the majority on the first and third assignments of error. However, on the second and fourth assignments of error, I concur in judgment only.
 {¶ 89} Although I find that any error is harmless due to the extensive amount of admissible evidence that the various offenses did occur, including Brock's own admissions and his journal, I disagree with the majority's analysis of the determination of competency and the majority's conclusion that the *Page 37 
unavailability of the child witness was waived. As to competency, the determination must be made by the trial judge, not an interviewer in some other state, and cannot properly be done in absentia. On the issue of unavailability of the child witness, the State was required to demonstrate that the child was not present for the trial, that the State has been "unable to procure the child's attendance or testimony by process or other reasonable means despite a good faith effort to do so" and that it was "probable that the [State] would be unable to procure the child's testimony or attendance if the trial or hearing were delayed for a reasonable time." Evid. R. 807(B). Such a demonstration is not accomplished by the mere unsworn statement of a prosecutor. It requires sworn testimony and/or other admissible evidence; none of which was offered in this case.
 {¶ 90} As to the fourth assignment of error, I would find the letters to Charlene to be admissible due to lack of coverture. However, I cannot agree with the result reached in the Howard case, as the statute specifically refers to "a communication" which I read as any form of communication. Brock is entitled to strict interpretation of the statute. R.C. 2901.04(A). The statute does not limit its application to oral communications; nor does it in any way exclude written communications from its application. *Page 1